# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEPHANIE ORDONEZ CRUZADO,

       Petitioner,

      v.                                   Case No. 2:26-cv-00849-KWR-GJF

DORA CASTRO, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary, U.S. Department Of Homeland Security;
AND TODD BLANCHE, U.S. Attorney General,

      Respondents.

## ORDER GRANTING IN PART HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen detained by ICE. Petitioner asserts that she is entitled to a bond hearing under § 1226(a). Respondents assert that she is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). As explained below, the Court finds that Petitioner is due a bond hearing pursuant to 8 U.S.C. § 1226(a).

Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that the Petition is well-taken, and therefore, is **GRANTED in part**. Respondents shall provide Petitioner with a bond hearing under § 1226(a) within seven (7) days of the entry of this order.

## BACKGROUND

Petitioner is a citizen of Peru and entered the United States in or around July 2022. Pet. ¶¶ 3, 15, Doc. 1.  Petitioner asserts she was released into the United States.  *Id.* ¶ 16. On November

24, 2025, Petitioner was taken into custody after appearing at an immigration office. *Id.* ¶ 17. She asserts that she complied with all requirements of her release, has no history of criminal conduct, and has been employed as a caregiver. *Id.* ¶¶ 18-20.

On September 5, 2025, the Board of Immigration Appeals ("BIA") issued a decision holding that immigration judges lack authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 225 (B.I.A. 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens . . . who are present in the United States without admission."). In light of *Hurtado*, Petitioner has remained in custody without an opportunity to post bond or request release because her detention has been classified as mandatory under 8 U.S.C. § 1225(b)(2)(A).

Respondents filed a response to the Petition in which they incorporated the arguments they raised in a prior case before the Court. *See* Resp., Doc. 9 at 2-6 (citing *Munoz Teran v. Bondi*, 2:25-cv-1218 KWR-SCY, 2026 WL 161527 (D.N.M. Jan. 21, 2026)). Neither the response in this case nor in *Munoz Teran* asserted that the petitioner was detained under § 1225(b)(1). Rather, here Respondents assert that Petitioner is detained under § 1225(b)(2)(A). Moreover, Respondents do not argue that Petitioner was paroled at the border under § 1182(d)(5)(A). Therefore, the Court declines to *sua sponte* raise whether Petitioner was detained under § 1225(b)(1) or whether her parole was revoked under § 1182(d)(5)(A).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C.

§ 2241(c)(3). A challenge to immigration detention is "properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## DISCUSSION

**I.**     <u>**Petitioner was not required to administratively exhaust her claim.**</u>

Respondents assert that Petitioner failed to exhaust her administrative remedies. It is unclear whether Petitioner is required to administratively exhaust her remedies. There is no express administrative exhaustion requirement under either the INA or § 2241 for immigration detainees challenging their detention. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

However, in the context of criminal detainees, the Tenth Circuit has held there is an administrative exhaustion requirement for § 2241 habeas petitions. *Garza v. Davis*, 596 F.3d 1198, 1203–04 (10th Cir. 2010). The Tenth Circuit has recognized a "narrow exception to the exhaustion requirement" where "a petitioner can demonstrate that exhaustion is futile." *Garza,* 596 F.3d at 1203–04. The BIA has ruled that immigration judges lack authority to issue bond where the noncitizen is present in the United States without admission, as here. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 225 (B.I.A. 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens . . . who are present in the United States without admission."). Respondents do not argue that there is any prospect of the BIA overturning its decision, or that an immigration judge may disregard that ruling. Respondents assert that *Hurtado* applies here, and the Court has no doubt whatsoever that a bond hearing would be denied for lack of jurisdiction or authority. Thus, administrative exhaustion is clearly futile, as Respondents decided that immigration judges lack the authority or jurisdiction to issue bond to Petitioner.

Because the Court finds that exhaustion is futile, it need not analyze the prudential factors. Alternatively, the Court finds that the prudential factors weigh in favor of not requiring exhaustion in this case. "[S]ound judicial discretion governs" where Congress has "not clearly required exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion is favored when (1) the "action under review involves exercise of the agency's discretionary power," and (2) the agency procedure at issue allows for "the agency to apply its special expertise." *Id.* at 145. An individual's interests weigh heavily against requiring exhaustion in the following three circumstances: (1) when the administrative remedy "may occasion undue prejudice to subsequent assertion of a court action"; (2) when there is doubt that the agency is "empowered to grant effective relief"; and (3) when an administrative body is "shown to be biased" or shown to have predetermined the issue before it. *Id.* at 146–49. Considering these circumstances, it is clear that Respondents have predetermined the issue before it, and Respondents do not suggest they might change their mind. Rather, Respondents have used enormous resources defending their position in thousands of habeas cases.

## II.    **The discretionary detention provisions under § 1226(a) apply to Petitioner, rather than the mandatory detention provisions under § 1225(b)(2)(A).**

Respondents argue that Petitioner is mandatorily detained pursuant to § 1225(b)(2)(A) and not entitled to a bond hearing. Petitioner contends that she is detained pursuant to § 1226(a). Mandatory detention under § 1225(b)(2)(A) applies to noncitizens "seeking admission" into the United States. Despite this statutory language, Respondents argue that the mandatory detention provision under § 1225(b)(2)(A) applies, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025)

4

("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained while present in the United States for years. As the Court has repeatedly explained in prior opinions, which the Court adopts and incorporates herein, the statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States for years. *See Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a).

Respondents do not argue that Petitioner was paroled under § 1182(d)(5)(A), that her parole was revoked, or that any parole revocation returned Petitioner to her prior custody status. The Court therefore declines to *sua sponte* raise or analyze this issue. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants). Moreover, Respondents arrested Petitioner pursuant to a warrant under § 1226(a). Doc. 9-3.

### III.    The Court finds that a bond hearing is an appropriate remedy.

Petitioner asserts that she should be released or she should receive a bond hearing. As explained below, the Court grants her request for a bond hearing. Petitioner did not carry her burden to show that the Court is required to release her rather than order a bond hearing. Moreover, she did not argue that the Court should shift the burden at any bond hearing to the Respondents. As explained below, relying in part on the burden of proof and principles of party presentation, the

Court declines to immediately release Petitioner. Therefore, exercising its discretion under § 2241, the Court will order an individualized bond hearing.

Petitioner bears the burden of proof of showing that she is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Section 1226(a) affords Respondents discretion to detain, release on bond, or parole a noncitizen. Notably, this section does not expressly provide a statutory right to immediate release. Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings,* 583 U.S. at 295. Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from

reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…").

To be sure, federal district courts have broad equitable powers in ordering habeas relief. *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992). A federal court is vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on *habeas corpus.*" *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987) (citation omitted). "Federal habeas corpus practice ... indicates that a court has broad discretion in conditioning a judgment granting habeas relief." *Id.* In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012) (noting that § 2243 gives district courts "broad discretion to craft appropriate habeas relief."). "Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971). It is the "nature of the violation" that "determines the scope of the remedy." *Id.* at 16. Generally, the Court has authority to order release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

Here, the Court in its discretion would order a bond hearing, as an individualized bond hearing would provide Petitioner with the process she is due under the statute. *See* § 1226(a) (providing that the Attorney General *may* continue to detain a noncitizens pending a decision on removal or *may* release the noncitizen on bond or parole); *see Martinez Escobar v. Baltazar*, No. 26-CV-00296-NYW, 2026 WL 503313, at *4 (D. Colo. Feb. 24, 2026) (ordering bond hearing rather than immediate release where due process rights were violated by respondents' failure to apply § 1226(a) discretionary detention provisions); *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at *5 (D.N.M. Feb. 5, 2026) (noting that process due is an individualized bond hearing); *Velasquez Salazar v. Dedos*, No. 1:25-cv-835, 2025 WL 2676729, at *5 (D.N.M. Sep. 17, 2025) ("Because ... § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."). Accordingly, the Court finds that the proper remedy is an individualized bond hearing pursuant to § 1226(a).

Petitioner also does not argue or demonstrate in her Petition that any due process or constitutional violation *requires* her release. She does not cite any standard or law the Court should apply in deciding whether a due process violation requires her release.  For example, should the Court apply the *Mathews* test in determining whether she should be immediately released, and if so, how does the *Mathews* test apply to the facts of this case to warrant her immediate release? The Court therefore declines to *sua sponte* analyze whether her constitutional claim requires her release over a bond hearing, as this issue was not properly argued or presented to the Court. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make

arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."). The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or do research on her behalf, it would prejudice other petitioners by delaying a ruling on their petitions. Therefore, Petitioner has not properly placed before the Court the issue of whether she must be immediately released, or she has not carried her burden.

For the first time in her reply, Petitioner argued that her detention without a pre-deprivation hearing requires her release. She asserts for the first time in her Reply that she was released on an Order of Release on Recognizance under § 1226(a) and it was not properly revoked. But she did not assert that claim in her Petition and did not argue that such claim required her release. Petitioner may not raise new arguments in her reply. *Geringer v. Strong*, 766 F. App'x 620, 625 (10th Cir. 2019); *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (the general rule in this circuit "is that a party waives issues and arguments raised for the first time in a reply brief.").

Moreover, Petitioner does not argue or explain why the Court should shift the burden to Respondents on the issues of flight and dangerousness at the bond hearing, and the Court declines to *sua sponte* analyze this issue.

**IV.    This opinion and the judgment should not be construed as addressing detention under § 1231, if that provision becomes applicable.**

The Petition presented the Court with a narrow issue, whether Petitioner's detention *pending a decision on removal* is governed by § 1225 or § 1226. Once an order of removal has become final, the authority governing a noncitizen's detention shifts to another statutory provision, 8 U.S.C. § 1231(a)(2). *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 574 (2022) ("After the entry of a final order of removal against a noncitizen, the Government generally must secure the noncitizen's removal during a 90-day removal period, during which the Government "shall" detain the noncitizen.") (citing 8 U.S.C. §§ 1231(a)(1), (2)).

Section 1231 governs the detention of noncitizens "during" and "beyond" the "removal period." 8 U.S.C. § 1231(a)(2)–(6). In general, when a noncitizen is ordered removed, the Attorney General shall remove them within 90 days, known as the "removal period." § 1231(a)(1)(A). The "removal period" begins once a noncitizen's removal order "becomes administratively final," § 1231(a)(1)(B), meaning the order has been affirmed by the BIA or the time for seeking review has expired, 8 U.S.C. § 1101(a)(47)(B). *Riley v. Bondi*, 606 U.S. 259, 267 (2025) ("An order of removal becomes final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to" petition the BIA for review of the order.') (citation omitted). During the removal period, detention is mandatory. § 1231(a)(2).

Here, no party has asserted that § 1231 applies. Therefore, as of the entry of this order, it appears that the Court retains the ability to order the relief requested in the Petition, i.e., to determine whether §§ 1225 or 1226 applies to her detention pending a decision on removal. The Court's order and judgment should not be construed to opine on whether or when in the future Petitioner may be detained under § 1231.

## V.    The Court need not rule on Petitioner's remaining claims.

Because the Court grants habeas relief, the Court need not address her other claims or enter a declaration. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (finding it unnecessary to address an additional claim in a habeas petition after granting full relief on one claim because "any relief [petitioner] could obtain on that claim would be cumulative."); *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) (stating that "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."); *Scott v. Mullin*, 303 F.3d 1222, 1224 (10th Cir. 2002) (declining to address the remaining claims in a habeas petition after already granting habeas relief on one claim). As explained above, Petitioner has not demonstrated that any due process violation entitles her to release over a bond hearing. Therefore, she has received all relief to which she is entitled.

## CONCLUSION

The Court concludes that Petitioner's detention is governed by § 1226(a), not § 1225(b)(2)(A), and that due process entitles Petitioner to a bond hearing under § 1226(a). Accordingly, the Petition (Doc. 1) is granted in part. Respondents are directed to arrange an individualized bond hearing pursuant to § 1226(a) for Petitioner before an immigration judge within **seven (7) days** of the entry of this order. Respondents shall not deny Petitioner bond or parole on the basis that § 1225(b) requires mandatory detention. The parties are ordered to file a status report within **ten (10) days** of the entry of this order. The Court will enter a separate judgment.[1]

---

[1] The Court need not delay entry of judgment to wait for Respondents to comply with the Court's order. The Court "always retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton*, 975 F.2d at 693 (explaining that district court has authority to enforce its habeas judgment).

11

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **GRANTED in part and DENIED in part** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner an individualized bond hearing before an immigration judge pursuant to § 1226(a), as opposed to § 1225(b), within **seven (7) days** of the entry of this order, provided that the Court makes no determination whether or when in the future § 1231 provisions may apply.

**IT IS FINALLY ORDERED** that the parties are directed to file a joint status report within **ten (10) days** of the entry of this order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE